UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                            :
SILVERVIEW CREDIT PARTNERS LP, f/k/a    :
SILVERPEAK CREDIT PARTNERS LP, a        :
Delaware limited partnership,           :
                                Plaintiff,    :        26 Civ. 3469 (LGS)
                                                            :
                -against-                               :        **ORDER**
                                                            :
AESTUARY INC., a Delaware corporation, et al.,    :
                                Defendants.    :
                                                            :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 27, 2026, Plaintiff filed the Complaint and moved for appointment

of a receiver.  The Complaint alleges that Defendants are debtors who have defaulted on secured

loans made by Plaintiff as creditor.  It further alleges that Defendants agreed in the loan

documents to allow Plaintiff to seek the appointment of a receiver in the event of default.

Plaintiff argues that Defendants are insolvent and the receivership is necessary to administer the

orderly sale of Defendants' assets, which are at risk of loss due to Defendants' financial

situation.

WHEREAS, on October 17, 2024, Jiggy Puzzles, LLC ("Jiggy") filed suit in the

Delaware Superior Court against certain Defendants in this case, alleging breach of contract and

fraud claims.  On June 5, 2026, Jiggy filed a separate action in Florida against Plaintiff and

others for aiding and abetting and conspiracy to commit fraud.  Although the Complaint alleges

that "[a]ny judgment to be obtained in the Delaware action would be subordinate to Plaintiff's

perfected security interests," Jiggy argues that the receivership's "actual purpose is not asset

conservation but preventing Jiggy from recovering its damages."

WHEREAS, it is well established that "subject-matter jurisdiction can never be forfeited or waived." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 68 (2d Cir. 2023). "A federal court must always satisfy itself that it has jurisdiction. Thus, even if the parties fail to spot a jurisdictional issue or agree that the court has jurisdiction, the court cannot proceed unless it makes an independent determination that it has jurisdiction." *Riley v. Bondi*, 606 U.S. 259, 273 (2025).

WHEREAS, "The Constitution grants Article III courts the power to decide 'Cases' or 'Controversies.'" *Carney v. Adams*, 592 U.S. 53, 58 (2020). The Supreme Court has "long understood that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Id.* "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "[U]nder Article III, a federal court may resolve only a real controversy with real impact on real persons." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021). "To avoid giving advisory opinions, we require that parties that come before us have a sufficient stake in the outcome of the case to render it a case or controversy." *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 93 (2d Cir. 2018)

WHEREAS, on June 17, 2026, Jiggy filed a letter opposing the motion to appoint a receiver. Among other things, the letter discusses the Delaware and Florida cases and argues that the pending motion to appoint a receiver in the instant case is a "tactical maneuver designed to halt Jiggy's claims, dissipate the assets Jiggy and other similarly situated sellers could collect against, and shield Silverview from accountability." Because Defendants consent to Plaintiff's proposed order appointing a receiver and it appears that the proposed relief is objected to by

other claimants, such as Jiggy, a question arises as to whether Plaintiff and Defendants have a

bona fide dispute between them and have "a sufficient stake in the outcome of the case to render

it a case or controversy."  It is hereby

ORDERED that by **July 3, 2026**, Plaintiff shall file a letter addressing the case or

controversy issue.  Any party may respond by **July 15, 2026**.

Dated: June 23, 2026
      New York, New York

                                       LORNA G. SCHOFIELD
                            UNITED STATES DISTRICT JUDGE