UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SILVERVIEW CREDIT PARTNERS LP, f/k/a SILVERPEAK CREDIT PARTNERS LP, a Delaware limited partnership, Plaintiff, | : | 26 Civ. 3469 (LGS) |
| -against- | : | **ORDER** |
| AESTUARY INC., a Delaware corporation, et al., Defendants. | : | |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an initial conference was held on August 4, 2026 (the "Conference").

WHEREAS, during the Conference, the Court found that it has subject matter jurisdiction to preside over this case for reasons that were summarized in the Conference. To explain that holding for the record: "A controversy that is appropriate for judicial determination must be definite and concrete, touching the legal relations of parties having adverse legal interests. Without a case or controversy between adverse parties, a federal court does not have subject matter jurisdiction over an action." *Kellogg v. Nichols*, 170 F.4th 20, 26 (2d Cir. 2026). "[A] consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). A court may have subject matter jurisdiction under Article III to enter relief on consent even though the parties agree to such relief. *See Swift & Co. v. United States*, 276 U.S. 311, 326 (1928). Persuasive authority states that "to have a case or controversy, the parties must seek adverse forms of relief from the court such that the court's judgment will require the defendant to act in a way that will adversely affect its own interests and, in that way,

have real meaning for the parties." *Cortes v. NLRB*, 145 F.4th 57, 62 (D.C. Cir. 2025); *accord NLRB v. Constellium Rolled Prods. Ravenswood, LLC*, 43 F.4th 395, 404 (4th Cir. 2022) (holding that, to establish adversity, "[t]he court's judgment in this case must require a party to act -- pay money, not deport, comply with investigative demand, and so on"). When a plaintiff has an "ongoing claim" to relief that the defendant "would not" provide "but for the court's order," a case satisfies Article III's case or controversy requirement. *United States v. Windsor*, 570 U.S. 744, 758 (2013) ("That the Executive may welcome this order to pay the refund if it is accompanied by the constitutional ruling it wants does not eliminate the injury to the national Treasury if payment is made, or to the taxpayer if it is not. The judgment orders the United States to pay money that it would not disburse but for the court's order.").

WHEREAS, here, the Complaint asserts claims for breach of contract, appointment of a receiver and enforcement of lien. These claims all arise out of Defendants' asserted default under, and alleged breach of, the parties' Loan Agreement. These claims present a "dispute within the court's subject-matter jurisdiction." *See Loc. No. 93*, 478 U.S. at 525. Defendants admit that they are in default, have not cured the defaults and agreed to the provision of the Loan Agreement allowing Plaintiff to seek appointment of a receiver. But the consent relief sought -- appointment of a receiver -- is relief that Defendants could not provide absent a court order. *Cf. Windsor*, 570 U.S. at 758. An order granting a receivership would "require the defendant to act in a way that will adversely affect its own interests," and "have real meaning for the parties," *Cortes*, 145 F.4th at 63. This case thus presents a case or controversy as required for the Court to exercise subject matter jurisdiction under Article III, and the Court has subject matter jurisdiction to proceed.

WHEREAS, during the Conference, various parties objected to, or requested clarification of, provisions in the latest version of the proposed order to appoint a receiver at Dkt. 32. It is hereby

**ORDERED** that by **August 14, 2026**, the parties, Intervenor Jiggy Puzzles, LLC and the proposed receiver Compass Advisory Partners, LLC, shall confer in an effort to agree regarding those objections and clarifications and submit a revised version of the proposed order. To the extent any disagreements remain, they shall note in the proposed order each party's position and alternative language, if appropriate, with respect to disputed clauses.

Dated: August 5, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE